IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN L. WATERS, | : | |
|     Plaintiff | : | No. 1:13-cv-2652 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA HUMAN | : | |
| RELATIONS COMMISSION, | : | |
|     Defendant | : | |

## MEMORANDUM

Presently before the Court are two motions in limine filed by Defendant Pennsylvania Human Relations Commission in anticipation of a jury trial scheduled for January 9, 2017.[1] The motions have been fully briefed and are ripe for disposition. For the reasons provided herein, the Court will grant Defendant's first motion in limine to preclude the introduction of a Determination Report issued by the Equal Employment Opportunity Commission (Doc. No. 78), and deny Defendant's third motion in limine to exclude testimony and evidence of certain "stray remarks" (Doc. No. 86).[2]

**I.   DISCUSSION[3]**

---

[1] Defendant initially filed three motions in limine. However, the second motion in limine was later withdrawn by agreement of the parties.

[2] The Court incorporates by reference the comprehensive recitation of this case's factual and procedural history set forth in previous orders and Magistrate Judge Schwab's Report and Recommendation on Defendant's motion for summary judgment. (Doc. No. 57.)

[3] In addition to her opposition to Defendant's motions in limine, Plaintiff requests that the motions in limine be stricken as untimely filed. Specifically, Plaintiff, relying on this Court's amended case management Order dated April 18, 2016 that set the deadline to file motions in limine for July 25, 2016, argues that Defendant's motions are approximately 91 days late. (Doc. Nos. 95, 97.) Plaintiff correctly identifies the April 18, 2016 Order as the last operative Order scheduling a deadline for motions in limine. Indeed, while the Court subsequently issued another amended case management Order on August 12, 2016, rescheduling trial in this matter for November 7, 2016 and resetting all corresponding deadlines, absent from the August 12, 2016 case management Order is an updated motion in limine deadline. This omission was the product of an administrative oversight on the part of this Court. The Court will not fault Defendant for this oversight, especially since Plaintiff has not been prejudiced by the filing of

A.   **Defendant's first motion in limine to exclude EEOC Determination Report No. 530-2012-01060**

Defendant moves to preclude Plaintiff from "discussing or admitting into evidence" a Determination Report issued by the Equal Employment Opportunity Commission ("EEOC"). The Report contains the EEOC's probable cause finding as to the merits of Plaintiff's Title VII charge of discrimination.[4]  (Doc. No. 80 at 2.)

Defendant argues that the EEOC Determination Report should be excluded under Federal Rule of Evidence 403 because the Report's low probative value is substantially outweighed by the following adverse factors: (1) unfair prejudice, (2) confusing the issues, (3) misleading the jury, and (4) wasting time. According to Defendant, the EEOC's probable cause determination is "entirely reliant" on misleading allegations from Plaintiff's charge of discrimination drafted by the Plaintiff with the assistance of an unidentified EEOC representative that the interviewers tampered with her interview rankings. (Doc. No. 80 at 3.) Defendant's overarching contention with respect to the admissibility of the EEOC Determination Report is that notable discrepancies exist between Plaintiff's initial accusation of score tampering in the interview process contained

---

these motions, having had the benefit of an additional four months to prepare for trial. Thus, the Court declines Plaintiff's invitation to strike the motions in limine as untimely filed. Having found that Defendant's motions in limine are not subject to denial on timeliness grounds, the Court turns to the substance of Defendant's motions.

[4] By way of providing context to these instant motions in limine, on January 26, 2012, prior to initiating the above-captioned action, Plaintiff filed a charge of discrimination with the EEOC, complaining of acts of discrimination by Defendant in the hiring process for the Executive Director vacancy. Plaintiff did not prepare the charge of discrimination herself, but rather, relayed her complaints through an unidentified EEOC employee, who completed the form on her behalf. On June 29, 2012, Defendant filed a response to the charge of discrimination. Following an investigation, the EEOC issued a Determination Report, EEOC Charge No. 530-2012-01060. The EEOC Determination Report references the allegations made by Plaintiff in the charge of discrimination as well as Respondent's objections to those allegations and concludes, based on its investigation into those allegations, that there exists reasonable cause to believe that Defendant discriminated against Plaintiff in its decision not to hire Plaintiff for the position of Executive Director.

within the charge of discrimination,[5] and Plaintiff's responses to Defendant's discovery requests concerning that allegation.

Plaintiff opposes the motion in limine. (Doc. No. 95.) Plaintiff objects to Defendant's characterization of Plaintiff's score tampering accusation in the charge of discrimination as being inaccurate, and Defendant's description of the EEOC probable cause determination as exclusively reliant on that allegation. Plaintiff also challenges Defendant's position that Rule 403 compels the exclusion of the EEOC Determination Report at trial. (Id. at 2.) Specifically, Plaintiff maintains that the EEOC Determination Report is substantially more probative than prejudicial, as it contains relevant evidence of: (1) "Defendant's first stated reasons for its employment action;" (2) "[Plaintiff's] qualification vis-à-vis [JoAnn Edwards];" (3) Plaintiff's exhaustion of her administrative remedies; and (4) the results of an investigation conducted by an objective third party with expertise in discrimination investigations "who reviewed the matter and found that there was reasonable cause that discrimination occurred." (Id. at 10.)

Typically, EEOC Determination Reports are evaluated under two separate Federal Rules of Evidence; namely, Rules 803(8)(C) and 403. As Defendant does not move for the exclusion of the EEOC Determination Report under Federal Rule of Evidence 803(8)(C), excepting from the hearsay rule public records and reports absent circumstances indicating a lack of trustworthiness, the Court limits its inquiry into the admissibility of the EEOC Determination Letter under Rule 403. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002) ("[N]one of the . . . trustworthiness considerations [undergirding Federal Rule of Evidence 803(8)(C)] have been invoked in this case . . . . We assume therefore that the EEOC

---

[5] In the charge of discrimination, Plaintiff, through the EEOC employee, provided the following: "I have been told that although I ranked number 2, because Respondent's officials tampered with the scores my number 2 ranking was slipped down to a number 4 . . . ." (Doc. No. 78-1, at 5.)

3

determinations were trustworthy and review the . . . EEOC Letter of Determination only under Rule 403.").

Federal Rule of Evidence 403 instructs a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In considering the operative effect of Rule 403 on EEOC Determination Reports, the United States Court of Appeals for the Third Circuit has adopted a case-by-case balancing approach to be conducted by the district court in the proper exercise of its discretion. Coleman, 306 F.3d at 1345 (holding that "the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis"). In this context, the Third Circuit has advised that undue delay, waste of time, and needless presentation of cumulative evidence are particularly salient factors that may conceivably impact the court's discretionary Rule 403 determination. Id. at 1345. The Third Circuit has further emphasized that an assessment of an EEOC Determination Letter's probative value cannot be determined in a vacuum, but rather requires consideration of the "proof value of the particular report as and when offered at trial." Id..

In the years following Coleman v. Home Depot, Inc., 306 F.3d 1333 (3d Cir. 2002), district courts in this Circuit, cognizant of the deference accorded to a district court's discretion in this context, have consistently excluded investigative and evaluative agency findings for various reasons. See e.g., Martinelli v. Penn Millers Ins. Co., 269 F. App'x 226, 229 (3d Cir. 2008) (upholding a district court's decision to exclude an EEOC letter of determination from trial based on the potential to confuse the jury and unfairly prejudice the plaintiff); Haas v. Wild

Acres Lakes Prop. & Homeowner's Ass'n, No. 3:13-CV-898, 2014 WL 980785, at *5 (M.D. Pa. Mar. 13, 2014) (excluding from trial an EEOC determination letter because the probative value is "substantially outweighed by prejudice resulting from confusion of the issues, undue delay and presentation of cumulative evidence"); Miller v. Tyco Elecs., Ltd., No. 1:10-CV-2479, 2012 WL 5509710, at *2 (M.D. Pa. Nov. 14, 2012) (Kane, J.) (granting plaintiff's motion to exclude evidence related to the PHRC's findings of no probable cause on the basis that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice, undue delay, and confusing the issues); Cambra v. Rest. Sch., No. CIV.A.04-2688, 2005 WL 2886220, at *3 (E.D. Pa. Nov. 2, 2005) (excluding EEOC determination letter under Rule 403 because its "minimal probative value is substantially outweighed by the danger of unfair prejudice . . . , is cumulative and [ ] has the potential to confuse the issues and mislead the jury") (collecting cases).

 Here, the Court finds that, on balance, the probative value of this EEOC Determination Report is substantially outweighed by the factors set forth in Rule 403. First, the Court finds that the EEOC Determination Report has minimal probative value and will result in the needless presentation of cumulative evidence. Indeed, the Court is unpersuaded by Plaintiff's arguments that this EEOC Determination Report presents "powerful evidence of pretext" insofar as it provides both Defendant's first stated reasons for its hiring decision and Plaintiff's qualifications as compared to JoAnne Edwards.[6] The Court is unable to discern any powerful evidence of

---

[6] As noted above, Plaintiff also argues that the EEOC Determination Letter provides evidence that she exhausted her administrative remedies. However, the Court finds this argument to be unavailing. In "Title VII actions, failure to exhaust administrative remedies is an affirmative defense" to be pleaded and proved by the defendant. Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (citations omitted). In this case, Defendant has neither raised exhaustion of administrative remedies in its answer, nor moved to dismiss the complaint for failure to exhaust. The fact that exhaustion is a nonissue in this case and thus, does not require the jury to weigh in

5

pretext that could be derived from the EEOC Determination Report, as it does not contain a complete account of the evidence the investigator relied upon in arriving at his probable cause determination, but rather, only summarizes the parties' allegations and offers references to an undefined investigative process culminating in a conclusory finding of probable cause. Berry v. Georgetown Inn, Ltd., No. 2:08-CV-0205, 2010 WL 608076, at *2 (W.D. Pa. Feb. 18, 2010); see Cambra, 2005 WL 2886220 at *4 (finding the EEOC letter to be largely cumulative and of little probative value because "the information in the EEOC Letter repeats many of the facts that both parties will attempt to prove at trial"). Moreover, as acknowledged by Plaintiff in her response to Defendant's motion in limine, Defendant's first stated explanation for its hiring decision is described in the EEOC Determination Report and also detailed in the PHRC's other EEOC submissions, which Plaintiff is not precluded from introducing, or eliciting testimony from, at trial, assuming other evidentiary rules do not operate as a bar to their admission. Likewise, Plaintiff and JoAnn Edwards are likely to provide testimony at trial regarding their qualifications and their perceptions of the hiring process, thus obviating the need to introduce this EEOC Determination Report for purposes of juxtaposing these individuals' qualifications before the jury.

Second, the Court finds that the likelihood that the EEOC Determination Letter will mislead the jury and unfairly prejudice Defendant compels its exclusion. Drawing from the reasoning of other district courts in this Circuit that have excluded from trial letters of determination issued by government agencies such as the PHRC and EEOC, the Court agrees that "[a] jury could easily confuse the meaning of the document as suggestive of the jury's

---

as factfinder, only bolsters the Court's determination that the EEOC Determination Report is of minimal probative value.

ultimate legal conclusion." Kirby v. J.C. Penney Corp., No. 2:08-CV-1088, 2009 WL 3572494, at *2 (W.D. Pa. Oct. 26, 2009).  The potential for a jury to assign undue weight to the agency's findings is elevated when considering the nature of the Determination Report itself, which essentially contains credibility determinations and legal conclusions of an investigator acting as "fact-finder." (See Doc. 78-1 at 15 ("Based on the Commission's investigation, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe the Respondent has discriminated against Charging Party . . . in violation of Title VII . . . .")); Cambra, 2005 WL 2886220, at *5 ("To admit the report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions that jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented.") (citation omitted).

Third, in conjunction with the potential that the EEOC Determination Letter has to mislead the jury and unfairly prejudice Defendant, the Court also finds that admission of this evidence will undoubtedly waste time.  Indeed, the EEOC's factual and legal determinations, if introduced through the EEOC Determination Letter, would require the parties to contextualize for the jury the EEOC's administrative process and the evidence considered by the EEOC, and devote significant time discrediting or justifying the EEOC Determination Report's conclusions.  In effect, it would become "nothing more than the proverbial trial within a trial."  Kirby, 2009 WL 3572494, at *3.

Accordingly, the Court will grant Defendant's motion in limine to exclude any reference to and admission of the EEOC Determination Report at trial (Doc. No. 78), as the costs

associated with admission of this evidence under Rule 403 substantially outweigh its minimal probative value.[7]

### B. Defendant's third motion in limine to exclude testimony and evidence of "stray remarks"

Defendant also moves to exclude testimony and evidence of any racially disparaging remarks made by Commissioner Gerald Robinson or others. (Doc. No. 86.) Specifically, Defendant advances two arguments in support of his position that these "stray remarks" are subject to exclusion. First, Defendant indicates that "[n]one of the remarks made or alleged to have been made by PHRC Commissioners [was] directed at Plaintiff." (Doc. No. 87 at 3-4.) Second, Defendant posits that these race-related remarks made or alleged to have been made by the PHRC Commissioners are too temporally distant from the employment decision at issue. (Id.)[8]

Plaintiff, in opposition, responds that she has uncovered compelling evidence that Commissioner Gerald Robinson used a racial slur, commonly referred to as the "n-word," to describe an African American job applicant, and commented that he "would not allow a 'black and brown person' to fill the position of Executive Director for the PHRC," which she argues is probative of discrimination and thus, should not be excluded from the jury's consideration.[9] (Doc. No. 97 at 2.)

---

[7] The Court emphasizes, however, that this ruling does not preclude Plaintiff from introducing the charge of discrimination and other submissions relied upon by the EEOC in reaching its probable cause determination, subject to any objections Defendant may make at trial.

[8] Curiously absent from Defendant's motion in limine are any details regarding the content of the race-related remarks, the individuals who purportedly made those comments, and the context in which those comments were made. (Doc. No. 87 at 2.) The lack of such information compromises the Court's efforts to evaluate the admissibility of those statements.

[9] Plaintiff also maintains that she has obtained evidence of instances in which Commissioner Gerald Robinson referred to practicing Muslims as "handkerchief heads." (Doc. No. 97 at 1.) However, Plaintiff offers no arguments rebutting Defendant's challenge to the relevance or probative value of these statements. To the extent Plaintiff intends to introduce these specific

Defendant characterizes these race-related comments purportedly made by Commissioner Gerald Robinson as inadmissible "stray remarks." (Doc. No. 87.) Third Circuit case law addressing the evidentiary weight afforded to race-related comments at the summary judgment stage, and district courts applying this jurisprudence in the context of determining the admissibility of those statements at trial, consider "whether the speaker was a decisionmaker, the content of the statement and whether the statement was related to the decisional process." Kargbo v. Phila. Corp. for Aging, 16 F. Supp. 3d 512, 524 (E.D. Pa. 2014) (citations omitted). For example, "[s]tray remarks by non-decision makers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision." Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992). Even so, the Third Circuit has held that "discriminatory comments by non[-]decisionmakers, or statements temporally remote from the decision at issue, may properly be used to build a circumstantial case of discrimination," Abrams v. Lightolier Inc., 50 F.3d 1204, 1214 (3d Cir. 1995), as such remarks "can still constitute evidence of the atmosphere in which the employment decision was carried out, " Walden v. Georgia-Pacific Corp., 126 F.3d 506, 521 (3d Cir. 1997). In evaluating the admissibility of these remarks, the Third Circuit has advised that the district court "retain[ ] its normal discretion to exclude such evidence under general relevancy principles" and " keep in mind the import of . . . prior case law, . . . that stray remarks are not categorically excludable even though not directly connected to the particular employment decision at issue." Walden, 126 F.3d at 522.

Having reviewed the parties' positions with respect to the admissibility of this evidence in light of the foregoing standard, the Court finds the alleged discriminatory remarks made by

---

comments made by Commissioner Gerald Robinson at trial, the Court will defer ruling on the admissibility of this category of statements at this juncture, and will permit Defendant to renew any objections it may have to the introduction of these statements at that time.

9

Commissioner Gerald Robinson to be both relevant and highly probative. From what can be discerned from parties' briefs, it appears that all of the statements in question were made by a principal decisionmaker during the decisionmaking process. Indeed, as persuasively argued by Plaintiff, Commissioner Gerald Robinson participated in the selection process initially as chair of the interview committee and continued to exert his influence on the decision-making process to a certain extent following his appointment as chair of the PHRC, which occurred while the hiring process was ongoing. (Doc. No. 97 at 9.) Moreover, excerpts from the deposition testimony of Commissioners Daniel Woodall and Sylvia Waters, proffered by Plaintiff in opposition to Defendant's motion in limine, reveal that these individuals witnessed Commissioner Gerald Robinson make the aforementioned race-related remarks in his exchanges with them throughout the hiring process for the Executive Director position. (Doc. No. 97 at 9-11.)

    The fact that these racial slurs were not directed at Plaintiff but rather, were directed at another applicant or more generally, concerned Commissioner Gerald Robinson's hiring approach, does not diminish their relevance or minimize their probative value. At the very least, these objectionable remarks provide sufficient circumstantial support for Plaintiff's claims and may be critical to the jury's assessment of whether Defendant's proffered explanation for its hiring decision is worthy of credence and whether Commissioner Gerald Robinson more likely than not harbored a discriminatory bias that infected the hiring process. See Ezold, 983 F.2d at 546 ("[P]roof of discriminatory atmosphere may be relevant in proving pretext since such evidence does tend to add 'color' to the employer's decision making process and to the influences behind the actions taken with respect to the individual plaintiff.") (internal quotation marks omitted); Garvey v. Dickinson Coll., 763 F. Supp. 799, 801 (M.D. Pa. 1991) ("In an employment discrimination case, evidence that, e.g., the defendant has made disparaging

10

remarks about the class of persons to which plaintiff belongs, may be introduced to show that the defendant harbors prejudice toward that group. Such evidence is often the only proof of defendant's state of mind, and if it were excluded, plaintiff would have no means of proving that the defendant acted with discriminatory intent.").

Accordingly, the Court will deny Defendant's third motion in limine (Doc. No. 86), and will permit Plaintiff to introduce evidence of racial slurs made by Commissioner Gerald Robinson during the hiring process at trial.

**II.    CONCLUSION**

Based upon the foregoing, the Court will deny Plaintiff's request to strike Defendant's motions in limine as untimely, grant Defendant's first motion in limine (Doc. No. 78), and deny Defendant's third motion in limine (Doc. No. 86). An Order consistent with this Memorandum follows.